UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 20-06729-RSWL (PD)                                                Date: July 31, 2020

Title    _Jose Angel Martinez v. Raymond Madden_

Present: The Honorable:    Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why Petition Should Not be Dismissed as Unexhausted

On July 28, 2020, Petitioner Jose Angel Martinez ("Petitioner"), a state prisoner represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). [Dkt. Nos. 1, 3.] The Petition raises four grounds for relief:

(1) *People v. Chui,* 59 Cal. 4th 155 (2014), bars the natural and probable consequences theory of liability as a basis for first degree murder;

(2) Trial counsel's failure to object to the natural and probable consequences jury instruction deprived Petitioner of his Sixth Amendment right to effective assistance of counsel;

(3) Under *People v. Banks*, 61 Cal. 4th 788 (2015), there is insufficient evidence to find malice in Petitioner's case; and

(4) Petitioner is entitled to a youth offender parole hearing under Penal Code § 3051.  [Dkt. No. 1 at 5; Dkt. No. 3-1 at 1-14.][1]

---

[1] Petitioner's counsel did not list the grounds for relief in paragraph 8 on the form. [*See* Dkt. No. 1 at 5.]  Rather, counsel filed a separate "Memorandum of Points and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-06729-RSWL (PD)                                   Date: July 31, 2020

Title  *Jose Angel Martinez v. Raymond Madden*

## I.  Procedural History

On October 6, 2017, Petitioner was convicted by a jury, in Los Angeles County Superior Court Case No. NA095527, of first-degree murder in violation of Penal Code § 187(a) and arson of property of another in violation of Penal Code § 451(d).  [Dkt. No. 1 at 2.]  On November 28, 2017, Petitioner was sentenced to 28 years to life imprisonment.  [*Id.*]

Petitioner filed an appeal on January 2, 2018.  He raised three claims: (1) that the trial court erred in giving self-defense instructions; (2) that the trial court erred in failing to give a lesser related instruction on the crime of accessory after the fact; and (3) whether Petitioner could raise a resentencing issue under SB 1437 on direct appeal.  [Dkt. No. 1 at 2-3.]  The California Court of Appeal affirmed the judgment on January 24, 2019. [*Id.*; s*ee also* https://appellatecases.courtinfo.ca.gov (search for Jose Angel Martinez) (last visited July 31, 2020).[2]  Petitioner filed a petition for review in the California Supreme Court which was denied on May 7, 2019. [*Id.*]

Petitioner filed a petition for resentencing in the Los Angeles County Superior Court which was denied on June 23, 2020.  [Dkt. No. 3 at 6.]  Petitioner filed an appeal of the resentencing denial which is pending in the California Court of Appeal.  [*Id.*; s*ee* https://appellatecases.courtinfo.ca.gov.]

## II.  Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has conducted a preliminary review of the Petition.  For the reasons stated below, the Court finds that the Petition is subject to dismissal on the grounds that it appears wholly

---

Authorities in Support of Petition for Writ of Habeas Corpus of Petitioner Jose Martinez" which set forth Petitioner's four grounds for relief. [*See* Dkt. Nos. 3 at 2; 3-1 at 1-14.]
[2] *See* Fed. R. Evid. 201; *Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-06729-RSWL (PD)                                    Date: July 31, 2020

Title   *Jose Angel Martinez v. Raymond Madden*

unexhausted.  Accordingly, this Order constitutes notice to Petitioner of the defects of the Petition and the consequences for his failure to correct them.

### A.   Applicable Law

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  The habeas statute provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979); *see also Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009).  A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Greenway v. Schriro*, 653 F.3d 790, 801 (9th Cir. 2011); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner concedes that he has not exhausted the claims raised in his Petition in the California state courts. [*See* Dkt. No. 1 at 5, 7.]  He currently has a habeas petition pending in the Los Angeles County Superior Court which he filed on July 28, 2020. [*See* Dkt. No. 1 at 8.]  He also has an appeal of the resentencing denial pending in the California Court of Appeal. [Dkt. No. 3 at 6.]  Accordingly, the Petition appears wholly unexhausted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-06729-RSWL (PD)                                      Date: July 31, 2020

Title    *Jose Angel Martinez v. Raymond Madden*

### III.   Order

Petitioner is, therefore, **ORDERED TO SHOW CAUSE no later than August 21, 2020** why the Petition should not be dismissed without prejudice for lack of exhaustion.

Petitioner shall file no later than the **August 21, 2020** deadline either:

(1) A request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  In *Rhines*, the Supreme Court held that, in "limited circumstances," federal district courts have discretion to grant a request to stay a "mixed petition" containing both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court.  *Id.* at 277-78.  In the Ninth Circuit, the *Rhines* stay and abeyance procedure is not limited to mixed petitions and a district court may stay a petition that raises only unexhausted claims.  *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*").

To obtain a stay pursuant to *Rhines*, Petitioner is required to show the following:  (1) he has good cause for failing to exhaust the unexhausted claim(s) in state court; (2) the unexhausted claim(s) are potentially meritorious and not "plainly meritless"; and (3) he has not engaged in abusive litigation tactics or intentional delay.  *See Dixon v. Baker,* 847 F.3d 714, 721-22 (9th Cir. 2017) (discussing good cause standard for a *Rhines* stay).

The granting of a *Rhines* stay would result in an order requiring Petitioner to exhaust his unexhausted claim(s) in state court, and this action may be administratively closed pending the filing of a motion from Petitioner to vacate the stay, demonstrating that his claims have been exhausted;

or

(2)  A request for a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  Petitioner is advised that there is a one-year statute of limitations on habeas claims by a prisoner in state custody.  28 U.S.C. § 2244(d).  The limitations period is tolled while a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 20-06729-RSWL (PD)                             Date: July 31, 2020

Title     *Jose Angel Martinez v. Raymond Madden*

"properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court.  *Duncan v. Walker*, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

If Petitioner fails to respond by **August 21, 2020**, the Petition may be dismissed.

**IT IS SO ORDERED**.

Attachment:

Form CV-09 – Notice of Dismissal

                                                                    :
                                                Initials of Preparer   im